## THE MORRISTOWN.

### JONES v. DELAWARE, L. & W. R. CO.

(Circuit Court of Appeals, Second Circuit. October 23, 1925.)

No. 27.

1. Collision ⬤⟳71(3)—"Pier end statute" held not to preclude recovery of damages to scow necessarily employed at pier end in dredging for government.

Where dredge and scow were necessarily located at end of pier doing dredging for government, "pier end statute" (Greater New York Charter, § 879) did not preclude recovery of damages from collision, nor was fact that scow had remained for five minutes after cessation of day's work such unreasonable delay as would defeat recovery.

2. Collision ⬤⟳71(2)—Error in judgment of master in charge of tug held negligence.

Error in judgment of master in charge of tug, in attempting to place car float in slip without sufficient room to pass scow, lying at pier end, held negligence.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Fred E. Jones against the steam tug Morristown, her engines, etc.; the Delaware, Lackawanna & Western Railroad Company, claimant. Decree for claimant (300 F. 805), and libelant appeals. Reversed and remanded, with directions.

Suit to recover damages for collision between libelant's scow, F. J. 28, and a car float in tow of the tug Morristown. On a summer evening, but before dark, a dredge lay moored at the end of Pier 68, North River.

Alongside of her was F. J. 28, for the purpose of receiving and carrying away the mud brought up by the dredge.

The dredge had just completed work for the day. The 28 was loaded and awaiting the arrival of a tug to take her to the dumping ground. Five minutes after work had ceased, and before the tug had come for the scow, the Morristown attempted to put a very long car float into the slip on the south side of Pier 68. If the dredge alone had been at the pier end, it would scarcely have been a hindrance to navigation; but the scow projected south of the dredge and of the pier some 30 or 40 feet, and undoubtedly constituted an obstruction for any vessel attempting to enter the slip.

The master of the Morristown saw the situation plainly, but, as he testified, he thought that there was still room enough safely to enter the slip, and so went ahead. He did not succeed in clearing the scow, and the heavy car float caused a great deal of damage, to recover for which this suit is brought. The dredge necessarily lay where she did in order to excavate the river bottom just off the pier end, and this work was being done by the United States, though the dredge belonged to a contractor. It was necessary for the 28 to lie where she did in order to be reached by the dredge arm.

The court below dismissed the libel on the ground that recovery was prevented by the "pier end statute" (New York City Charter [Laws N. Y. 1901, c. 466], § 879), declaring that any vessel lying at the exterior end of wharves in the North and East Rivers "shall not be entitled to claim or demand damages for any injury caused by any vessel entering or leaving any adjacent pier."

Macklin, Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

J. E. Morrissey, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The scope or legal content of the "pier end statute" has been fully set forth in The Amanda Moore, 257 F. 405, 168 C. C. A. 445, and a little more recently in The Daniel B. Flannery (C. C. A.) 282 F. 545. So far as the meaning of the statute is concerned, we have nothing to add to these cases; but this litigation raises the point (novel so far as we know) whether the City Charter can regulate, or practical-

ly penalize, the, place necessarily occupied by a dredge working for the United States in aid of the sovereign's prerogative of regulating and aiding commerce.

We think it clear that when, as here, the United States determined to aid navigation by deepening the channel off the end of Pier 68, the City Charter was ineffectual to prevent or punish the necessary dredge occupying a place necessary for work. The dredge, therefore, non obstante the statute, was lawfully where it was. As the dredge was useless without a dumping scow, the scow was by necessary implication entitled to be where she was. It is quite true that the scow was loaded and working hours had just ended. It was the duty of those in charge of the dredge to get the scow out of the way as soon as possible, but we think she was hit before the expiration of a reasonable time wherein to cause her removal.

[2] If, as we now hold, the pier end statute did not, under the circumstances stated, apply to the dredge or scow, the sole question is whether those in charge of the Morristown were guilty of negligence. As we pointed out in The Eli B. Conine, 233 F. 987, 147 C. C. A. 661, negligence is usually error of judgment. The Morristown's master saw plainly what turned out to be a situation of danger; he thought there was no danger, so he went ahead. This is negligence.

Decree reversed, with costs, and cause remanded, with direction to assess libelant's damages.